IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ERICK ELLISON,

    Petitioner,

vs.

CIVIL ACTION NO.: CV209-088

DEBORAH HICKEY, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Erick Ellison ("Petitioner"), an inmate currently confined at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Petitioner filed a Traverse. For the reasons which follow, Petitioner's petition should be **DISMISSED** in part, and **DENIED** in part.

## STATEMENT OF THE CASE

Petitioner pled guilty to two counts of use of a communication facility to facilitate a conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 843(b). (CR101-409, N.D. Ga.). Petitioner also pled guilty to one count of theft of interstate or foreign shipments, in violation of 18 U.S.C. §§ 659 and 2. (CR101-524, N.D. Ga.). Petitioner was sentenced to ninety-six months' imprisonment and forty-six months' imprisonment set to run consecutively.

In the instant petition, Petitioner asserts that the Bureau of Prisons ("BOP") staff has refused to waive his Public Safety Factor ("PSF") designation and has failed to transfer him to a lower classification facility because of his race. (Doc. No. 1, pp. 1-3). Petitioner requests that this Court authorize an investigation of the facts underlying his claim of discrimination. (Id. at p. 3). Petitioner also requests that this Court order a waiver of his PSF designation and transfer him to the Federal Prison Camp in Atlanta, Georgia. (Id.). Respondents claim that Petitioner's claim should be construed as a civil rights claim and that Petitioner has no liberty interest in a transfer to a different facility. (Doc. No. 4).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Civil Rights Claim**

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok,

AO 72A
(Rev. 8/82)

2

520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being discriminated against, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Petitioner filed this cause of action pursuant to 28 U.S.C. § 2241. (Doc. No. 1, p. 1). Petitioner avers that Respondent and the BOP, "have consistently denied [his] request [for transfer] on an [a]rbitrary and capricious rationale, along with a markedly [r]acially tilted discriminatory process . . . amounting to a complete denial of Due Process of law, and equal treatment under the law." (Id. at p. 2).

The true nature of Petitioner's contentions appears to be based upon alleged civil rights violations. See Fernandez-Roque, 671 F.2d at 429. As such, these contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by a federal actor. Should Petitioner wish to pursue his civil rights claims, he may do so by filing a cause of action pursuant to § 1331 and Bivens.

II. **Liberty Interest in Transfer**

Respondent contends Petitioner has no liberty interest in being housed at a particular facility or region. Respondent avers the BOP has discretion to determine where and under what conditions a federal prisoner is housed.

Prisoners do not have a constitutionally protected right to be transferred to a particular penal institution. See McKune v. Lile, 536 U.S. 24, 39 (2002). Great

deference must be given to the prison officials' administrative determination that an inmate is ineligible to be transferred. Turner v. Safley, 482 U.S. 78, 89 (1987). As Petitioner has no liberty interest in being housed at a particular institution, the portion of his petition requesting a transfer to Atlanta should be denied.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED** with respect to his request for a transfer to another institution, and that his civil rights claims be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 9th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE